```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


MARGARET I. ROWE,                    :

     Plaintiff,                      :

vs.                                  :
                                              CIVIL ACTION 06-0209-M
JO ANNE B. BARNHART,                 :
Commissioner of
Social Security,                     :

     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 12). Oral argument was heard on October 20, 2006. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative procedures not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born February 23, 1960.  At the time of the administrative hearing, Rose was forty-four years old, had completed an eleventh-grade special education curriculum (Tr. 240-41), and had previous work experience as a nurse's aide, a cook, a construction laborer, and a store laborer (Tr. 252).  In claiming benefits, Plaintiff alleges disability due to mental retardation, anxiety, tremor, uncontrolled bladder and bowel, and carpal tunnel syndrome (Doc. 8).

The Plaintiff protectively filed applications for disability benefits and SSI on May 20, 2003 (Tr. 55-58, 217-19).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Rowe was capable of performing her past relevant work as a store laborer (Tr. 13-29).  Plaintiff requested review of the hearing decision (Tr. 10-12) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Rowe alleges that:  (1) The ALJ improperly found that she did not meet the requirements of Listing 12.05C; (2) the ALJ did not properly consider the opinions and conclusions of her treating physician; (3) the ALJ did not state what weight he gave to some of the evidence; (4) the ALJ did not properly consider the combination of her impairments; and (5) the ALJ gave an incomplete hypothetical to the vocational expert (Doc. 8).  Defendant has responded to—and denies—these claims (Doc. 9).

Without addressing the other claims of record,[1] the Court will go to Rowe's claim that the ALJ did not state what weight he gave to some of the evidence.  The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Clinical Psychologist John W. Davis examined Rowe on August 16, 2004 (Tr. 209-14).  Davis administered the WAIS-III on which Plaintiff received a verbal IQ score of 74, a performance IQ score of 69, and a full scale IQ score of 69.  The Psychologist also completed a mental medical source opinion in which he indicated that Rowe was markedly limited in her ability to use

---

[1]Because the Court finds that this claim has merit, the Court finds it unnecessary to address the other claims.

judgment in detailed or complex work-related decisions; understand, remember, and carry out detailed or complex instructions; and maintain attention, concentration or pace for periods of at least two hours (Tr. 215-16). Davis diagnosed Plaintiff to suffer from mild mental retardation and anxiety secondary to a general medical condition (Tr. 213).

In his decision, the ALJ summarized the Psychologist's examination findings, noting that Rowe was markedly limited in her ability to maintain attention, concentration or pace (Tr. 23). The ALJ did not, however, note that Davis indicated that she was limited in this regard for the two-hour time period. After summarizing the other evidence, the ALJ stated that his opinion was "guided by the opinions and findings" of Dr. Davis; specifically, he stated that he had "adopted the opinion set forth by Dr. Davis because it is consistent, on the whole, with his examination of the claimant" (Tr. 27).

The ALJ went on to determine that Rowe was capable of performing her past relevant work as a store laborer (Tr. 29, ¶ 7). In reaching that conclusion, the ALJ specifically found that Plaintiff "can remember, understand and carry out very short and simple instructions, and **she can concentrate for two-hour intervals**" (Tr. 29, ¶ 6) (emphasis added). This finding by the ALJ directly contradicts Dr. Davis's finding; the Court further notes there has been no explanation for the inconsistency.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the taking of additional medical and vocational evidence.  Judgment will be entered by separate order.

DONE this 27th day of October, 2006.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE