```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

MARGARET I. ROWE,                  :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :   CIVIL ACTION 06-0209-M
                                   :
MICHAEL J. ASTRUE[1],              :
Commissioner of                    :
Social Security,                   :
                                   :
    Defendant.                     :

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412, with supporting Memorandum (Docs. 15, 16), Defendant's Objection to Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412 (Doc. 17), and Plaintiff's Reply to Defendant's Opposition to Plaintiff's EAJA Fee Petition (Doc. 19).  After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff's counsel be **AWARDED** an Equal Access to Justice Act (hereinafter EAJA) attorney's fee in the amount of $787.50.

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed this action on April 5, 2006 (Doc. 1). After the issues in dispute had been briefed, the Court, by Order dated September 19, 2006, set this action for oral argument on October 20, 2006 (Doc. 10).  On October 20, 2006, the parties filed written consent to have the undersigned Magistrate Judge conduct all further proceedings and to order the entry of judgment and, by Order dated October 24, 2006, Chief Judge Granade referred this action to the undersigned (Doc. 12).  The Court entered a Memorandum Opinion and Order and Judgment on October 27, 2006, based on the record before it, reversing and remanding this action to the Social Security Administration for further administrative proceedings (Docs. 13 and 14).

On January 10, 2007, Colin E. Kemmerly, counsel for Plaintiff, filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $787.50, computed at an hourly rate of $125.00 for 6.3 hours spent in this Court (Docs. 15, 16).  Defendant, in the Objection filed January 24, 2007, contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied (Doc. 17).  Defendant does not object to the hours or hourly rate requested.

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.  Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must

fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. *Myers*, 916 F.2d at 666 (citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department .... Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations omitted). Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated October 27, 2006 (Doc. 13), the Court noted the following:

> Clinical Psychologist John W. Davis examined Rowe on August 16, 2004 (Tr. 209-14). Davis administered the WAIS-III on which Plaintiff received a verbal IQ score of 74, a performance IQ score of 69, and a full scale IQ score of 69. The Psychologist also

>completed a mental medical source opinion in which he indicated that Rowe was markedly limited in her ability to use judgment in detailed or complex work-related decisions; understand, remember, and carry out detailed or complex instructions; and maintain attention, concentration or pace for periods of at least two hours (Tr. 215-16).  Davis diagnosed Plaintiff to suffer from mild mental retardation and anxiety secondary to a general medical condition (Tr. 213).
>
>In his decision, the ALJ summarized the Psychologist's examination findings, noting that Rowe was markedly limited in her ability to maintain attention, concentration or pace (Tr. 23).  The ALJ did not, however, note that Davis indicated that she was limited in this regard for the two-hour time period.  After summarizing the other evidence, the ALJ stated that his opinion was "guided by the opinions and findings" of Dr. Davis; specifically, he stated that he had "adopted the opinion set forth by Dr. Davis because it is consistent, on the whole, with his examination of the claimant" (Tr. 27).
>
>The ALJ went on to determine that Rowe was capable of performing her past relevant work as a store laborer (Tr. 29, ¶ 7).  In reaching that conclusion, the ALJ specifically found that Plaintiff "can remember, understand and carry out very short and simple instructions, and **she can concentrate for two-hour intervals"** (Tr. 29, ¶ 6) (emphasis added).  This finding by the ALJ directly contradicts Dr. Davis's finding; the Court further notes there has been no explanation for the inconsistency.

Defendant in her Objection (Doc. 17) states that there was a reasonable basis in law and fact for the Commissioner's position and that the ALJ correctly reviewed the evidence, making findings of fact and conclusions of law, including deciding the claimant's

residual functional capacity.  However, the Court disagrees.  As stated in the Memorandum Opinion and Order, "[t]his finding by the ALJ directly contradicts Dr. Davis's finding; the Court further notes there has been no explanation for the inconsistency."  Therefore, the Court, based on the record before it, finds that the position that Defendant took was not reasonable both in law and in fact and, therefore, not substantially justified.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not

> "reasonably expended" ....  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 6.3 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney

>     fees shall not be awarded in excess of $125
>     per hour unless the court determines that an
>     increase in the cost of living or a special
>     factor, such as the limited availability of
>     qualified attorneys for the proceedings
>     involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

>     The first step in the analysis, ... is to
>     determine the market rate for "similar
>     services [provided] by lawyers of reasonably
>     comparable skills, experience, and
>     reputation."  ...  The second step, which is
>     needed only if the market rate is greater
>     than $75 per hour, is to determine whether
>     the court should adjust the hourly fee
>     upward...to take into account an increase in
>     the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[2].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in

---

[2] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

support, the court may make an award on its own experience. Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Id.

The prevailing market rate in the Southern District of Alabama is $125.00 per hour. See Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001). Because the market rate is not greater than the statutory rate of $125.00 per hour, the Court need not reach the second step set out in the Meyer case. Multiplying the 6.3 hours by the Southern District of Alabama inflation-adjusted prevailing market rate of $125.00 results in a fee of $787.50.

In conclusion, and for the reasons set out above, it is **ORDERED** that Plaintiff's Motion be **GRANTED** and that Plaintiff's counsel be **AWARDED** an EAJA fee in the amount of $787.50.

DONE this 30th day of March, 2007.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE